IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.                                          CRIMINAL ACTION NO. 2:12-cr-00191

MAURICE MINTER

MEMORANDUM OPINION & ORDER

Pending before the court are Defendant Maurice Minter's Motion to Reduce his Sentence pursuant to 18 U.S.C. § 3582(c)(2) [ECF No. 60] and his Motion to Reduce his Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [ECF No. 70]. For the reasons stated below, Defendant's Motion for Compassionate Release via 18 U.S.C. § 3582(c)(1)(A)(i) is **GRANTED**. All other Motions [ECF Nos. 60, 64] are **DENIED as MOOT**.

I.     Background

Mr. Minter pleaded guilty to distribution of oxymorphone in violation of 21 U.S.C. § 841(a)(1) on December 3, 2012. [ECF No. 33]. Prior to sentencing, a presentence investigation report was prepared by the United States Probation Office. [ECF No. 51]. First, based upon the weight of narcotics attributed to Mr. Minter, the report determined that he had a base offense level of 28.

The 2012 United States Sentencing Guidelines, used to prepare this report, require that the probation officer consider whether Mr. Minter should be classified as

a career offender. Based upon his criminal history, the report concluded that he was a career offender, and that his offense level ought to be 32 rather than 28.

At sentencing, Judge Johnston adopted the presentencing report [ECF No. 56, at 3:23–24] as written, including the conclusion that Mr. Minter was a career offender and the calculation of an imprisonment range of 151 to 188 months. Judge Johnston then sentenced him to 151 months of imprisonment to be followed by a supervised release term of three years on March 14, 2013. [ECF No. 49]. This sentence was to run consecutive to a state sentence that Mr. Minter was serving at the time of conviction.

After Mr. Minter was sentenced, the United States Sentencing Commission passed Amendment 782 which lowered the drug quantity table in the Sentencing Guidelines by two offense levels. This amendment was retroactive, meaning that those already sentenced for federal drug crimes and were sentenced based on the now-outdated drug quantity table could petition to have their sentences reduced via 18 U.S.C. § 3582(c).

On January 11, 2021, Mr. Minter filed his Motion for Amendment 782 Sentence Reduction Under 18 U.S.C. § 3582(c)(2)(A). [ECF No. 60]. The Government has responded [ECF No. 68]. Mr. Minter then filed for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)(i). [ECF No. 70]. These Motions are ripe for decision.

## II. The Motion for Compassionate Release

Section 3582(c)(1)(A)(i) permits a court, "in any case," to modify a term of imprisonment when the defendant has exhausted his or her administrative remedies, has demonstrated "extraordinary and compelling reasons," and the modification

would be consistent with the § 3553(a) factors. In support of his motion, Mr. Minter asserts that he is no longer a career offender and that his sentence should be reduced to reflect that fact. Mr. Minter also states that he is in danger of contracting COVID-19 at FCI Allenwood.

The First Step Act "embodies Congress's intent to reduce the Bureau of Prison's authority over compassionate release petitions and authorizes the district courts to exercise their independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Galloway*, No. CR RDB-10-0775, 2020 WL 2571172, at *3 (D. Md. May 21, 2020) (internal citations removed); *see also United States v. Stephenson*, No. 3:05-CR-00511, 2020 WL 2566760, at *5 (S.D. Iowa May 21, 2020) ("Unqualified deference to the BOP no longer makes sense now that the First Step Act has reduced the BOP's role.").

a) **Exhaustion of Administrative Remedies**

The First Step Act empowers criminal defendants to request compassionate release for "extraordinary and compelling reasons." 18 U.S.C § 3582(c)(1)(A)(i). But before they make such requests, defendants must ask BOP to do so on their behalf and then wait 30 days. *See* § 3582(c)(1)(A). Upon such a motion from BOP or from a defendant (after BOP denies the request or thirty days have elapsed since the request was filed), a court "may reduce the term of imprisonment . . . ." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. McCoy*, 981 F.3d 271, 283 (4th Cir. 2020).

Here, Mr. Minter has exhausted his administrative remedies. He requested compassionate release from the warden at his facility on March 24, 2021. [ECF No.

70, at 17]. Because more than 30 days have passed since he sent this request to the warden, I find that Mr. Minter has exhausted his administrative remedies. As such, I now turn to whether he has demonstrated extraordinary and compelling reasons that would justify his early release.

### b) Extraordinary and Compelling Reasons

Once an inmate has satisfied administrative exhaustion, courts may reduce their sentences upon a finding of "extraordinary and compelling reasons." *See* 18 U.S.C. § 3582(c)(1)(A).

There are "disagreements [among district courts] about the precise definition of 'extraordinary and compelling reasons' justifying compassionate release."[1] *United States v. Cotinola*, No. 13-CR-03890-MV, 2020 WL 2526717, at *3 (D.N.M. May 18, 2020). But the United States Court of Appeals for the Fourth Circuit has clarified that district courts are not bound by the enumerated extraordinary and compelling reasons listed in Guidelines § 1B1.13 because the Guidelines have not been updated since the passage of the First Step Act. *McCoy*, 981 F.3d at 283 ("As of now, there is no Sentencing Commission policy statement 'applicable' to the defendants' compassionate-release motions, which means the district court need not conform . . . to § 1B1.13 in determining whether there exist 'extraordinary and compelling reasons' for a sentence reduction."). "District Courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

I have previously confined my analysis of extraordinary and compelling reasons to the nature of the COVID-19 pandemic: requiring prisoners to demonstrate that they suffer from a health condition that puts them at a higher risk of serious health complications should they contract COVID-19 and that they are currently imprisoned at a facility incapable of controlling the spread of COVID-19. However, Mr. Minter's arguments are not wholly confined to the COIVD-19 pandemic but also focus on his career offender status. I will therefore consider whether these arguments can establish 'extraordinary and compelling reasons' independently and apart from the rationale of my prior, pandemic-related rulings.

In *McCoy*, the Fourth Circuit affirmed the district court's considering of the length of the original sentence and that the sentence would be "dramatically shorter" if the defendant was sentenced today when granting compassionate release. *McCoy*, 981 F.3d at 285 (defendant's sentence would have been 30 years shorter, if sentenced today). The court further noted the importance of considering a defendant's individual circumstances. *Id.* at 286. These include, but are not limited to, the youth of a defendant at sentencing, the amount of the sentence that has been served at this time, the defendant's disciplinary record while imprisoned, and any steps taken toward rehabilitation.

My learned colleague, District Judge Frank W. Volk, recently granted compassionate release to a prisoner primarily on the grounds that, if sentenced today, the prisoner's sentence would be much shorter than the one originally imposed. *United States v. Vaughn*, 5:08-cr-00266, 2021 WL 136172 (S.D. W. Va. Jan. 13, 2021). After determining that Vaughn no longer qualified as a career offender, Judge Volk

also considered Vaughn's disciplinary record while incarcerated and what programs Vaughn had availed himself of before ultimately granting his motion to reduce his sentence. *Id.* at *3. I will follow Judge Volk in considering such facts when deciding a compassionate release motion.

The crux of Mr. Minter's argument is that if sentenced today, he would no longer be classified as a career offender, and that therefore, his guidelines range ought to have been much shorter.

i. **Career Offender Classification**

The United States Sentencing Guidelines provide that a defendant is a career offender if "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a) (2012). [2] The effect of being classified as a career offender is that it requires the use of an offense level based upon the maximum penalty for the instant your offense so long as that new offense level is higher than the defendant's base offense level without the career offender enhancement. In addition, the career offender's criminal history category is automatically increased to Category VI. § 4B1.1(b). In an application note in the commentary to this section, the Guidelines state that a controlled substance offense includes "the offenses of aiding and abetting, conspiring, and attempting to commit

---

[2] Defendant's presentence investigation report was prepared using the 2012 guidelines.

6

such offenses." U.S.S.G. § 4B1.2 n.1.

Mr. Minter's prior convictions that resulted in his classification as a career offender were a 2005 conviction for possession with intent to deliver a controlled substance [ECF No. 51, at 9] and a 2009 conviction for conspiracy to distribute a controlled substance [ECF No. 51, at 10]. Mr. Minter does not contest that his 2005 conviction for possession with intent properly supported the finding of him being a career offender. Mr. Minter does argue that he is no longer a career criminal because of later interpretations that prohibit inchoate offenses, such as attempt and conspiracy, from being considered controlled substances offenses under U.S.S.G. § 4B1.1.

There is a circuit split on the issue of whether inchoate offenses qualify as controlled substance offenses for the purposes of a § 4B1.1. I have previously held, in line with the Sixth and D.C. Circuit Courts of Appeals that the inclusion of inchoate offenses, such as attempt and conspiracy are impermissible expansions of definitions of controlled substance offense in § 4B1.2(b). *United States v. Carter*, No. 2:19-cr-00078, 2020 WL 907884, at *3 (S.D. W. Va. Feb. 25, 2020) (holding that attempted manufacture of a controlled substance is not a controlled substance offense); *see also United States v. Cooper*, 410 F. Supp. 3d 769, 772 (S.D. W. Va. 2019) (finding that conspiracy cannot qualify as a crime of violence under the guidelines). Others in the Southern District of West Virginia have agreed. *United States v. Bond*, No. CR 3:18-00210, 2019 WL 5957203, at *2 (S.D. W. Va. Nov. 12, 2019) (Chambers, J.); Sentencing Hr'g in *United States v. Gibbs*, No. 2:18-cr-89-1 (July 31, 2019) (Copenhaver, J.).

My reasoning in *Carter* applies as well here as it did there. Mr. Minter's conviction for conspiring to deliver a controlled substance is outside the definition of a controlled substance offense in § 4B1.2 and therefore would not qualify as one of the prerequisite convictions for career offender status.

If he had not been a career offender when he was sentenced, Mr. Minter's adjusted offense level would have been 25, and his criminal history category would have been IV, resulting in an imprisonment range of 84–105 months. However, if this sentencing were happening today, Amendment 789 would have already been in effect. His adjusted offense level would be 23, and his criminal history category would be IV, resulting in an imprisonment range of 70–87 months. Were he to be sentenced today, Mr. Minter's imprisonment range would be half of what it was in 2013.

   ii.   Post-conviction conduct

As of April 15, 2021, Mr. Minter has served 7 years, 10 months, and 17 days of his original sentence. [ECF No. 70, at 25]. BOP projects his release date as March 31, 2024. During that time, Mr. Minter has accumulated only five conduct violations: most for possessing a cellphone or gambling paraphernalia. *Id.* at 20–21. Notably, Mr. Minter has not had any conduct violations for possession of narcotics. Mr. Minter also has a low pattern score. In addition, he has completed 22 educational courses while imprisoned. *Id.* at 23. Considering Mr. Minter's considerable efforts to better himself while imprisoned and that he has already served more than the top of the guidelines range if he were sentenced today, I **FIND** that Mr. Minter has demonstrated extraordinary and compelling reasons justifying a reduction in his sentence.

c) The § 3553(a) Factors

For a reduction in the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A), a court must also consider the § 3553(a) factors. Title 18, Section 3553(a) requires that a sentence be "sufficient, but not greater than necessary, to . . . reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . ." 18 U.S.C. § 3553(a).

I find that almost eight years of imprisonment is more than enough to satisfy the requirements of § 3553(a), especially considering that Mr. Minter has already served seven more months than the top of his guideline range if sentenced today. Reducing his sentence now to what it would be if sentenced today will continue to adequately deter others from engaging in the same conduct and will surely promote respect for the law.

### III. Conclusion

Mr. Minter's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) [ECF No. 70] is **GRANTED**. Accordingly, his Motions [ECF Nos. 60, 64] are **DENIED as MOOT.** Mr. Minter will serve a term of supervised release as ordered in his criminal judgment. The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, the United States Marshal, and to FCI Allenwood Medium at RT 15, 2 Mi N of Allenwood, White Deer, Pennsylvania 17810.

ENTER: May 11, 2021

9

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE